IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01078-CMA-BNB

BRIAN M. STROUD,

Plaintiff,

v.

DR. STEVEN DENNIS, Banner Health, Arkansas, said person in
professional and personal,
VALLEY AND RESEARCH MEDICAL CENTER, ER,
CHERYL CHESTNUT, N.P., F.L.C.F., Banner Health, said person in
professional and personal,
DR. HOLDEN, Arkansas Valley Medical Research, Banner Health,
said person in professional and personal,
CATHY HOLTZ, N.P., F.L.C.F., Banner Health, said person in
professional and personal,
DR. WERMER, Medical Doctor, F.L.C.F., Banner Health, said person in
professional and personal,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises in connection with my Order to Show Cause dated July 28, 2009 [Doc. #20]. On June 3, 2009, the district judge issued an Order of Reference to United States Magistrate Judge [Doc. #8]. On June 4, 2009, the district judge issued an Order Granting Service by the United States Marshal [Doc. #9]. The Orders were mailed to the plaintiff at his address of record at the Fort Lyon Correctional Facility. Both of the envelopes addressed to Mr. Stroud were returned as undeliverable because Mr. Stroud is no longer at the Fort Lyon Correctional Facility [Docs. #11 and #12].

On June 24, 2009, I ordered Mr. Stroud to respond on or before July 24, 2009, to the defendant's motion to dismiss [Doc. #17]. Mr. Stroud has not responded to the motion to dismiss. On July 6, 2009, the defendants notified the court [Doc. #18] that they mailed Mr. Stroud a copy of their motion to dismiss on June 24, 2009, and the envelope addressed to Mr. Stroud was returned to counsel marked "Unable to Forward - UTF - No Longer at FLCF."

Consequently, I ordered Mr. Stroud to show cause in writing on or before August 18, 2009, why the Amended Complaint should not be dismissed for failure to keep the Court informed of his current address in violation of D.C.COLO.LCivR 10.1M and for failure to prosecute. D.C.COLO.LCivR 41.1. I warned Mr. Stroud that his failure to respond to the Order to Show Cause on or before August 18, 2009, would result in my recommendation that the Amended Complaint be dismissed in its entirety. Mr. Stroud did not respond to the Order to Show Cause. The envelope containing the Order to Show Cause was returned as undeliverable on August 5, 2009 [Doc. #23].

Mr. Stroud's last filing in this case--the Amended Complaint--was made on May 21, 2009 [Doc. #4]. The Court has not received a notice of change of address from Mr. Stroud as required by D.C.COLO.LCivR 10.1M, and has had no other contact with him since May 21, 2009. It appears that Mr. Stroud has lost contact with the Court, lost interest in this case, or both. Accordingly,

I respectfully RECOMMEND that the plaintiff's Amended Complaint be DISMISSED without prejudice for failure to keep the Court informed of his current address in violation of D.C.COLO.LCivR 10.1M, and for failure to prosecute. D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ.

P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 25, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge